**UNITED STATES of America,**
**Plaintiff,**

v.

**DADE BROS. CO., Inc., Defendant.**
**Civ. A. No. 17452.**

United States District Court
E. D. New York.
March 9, 1960.

---

Cornelius W. Wickersham, Jr., U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., by Louis S. Paige, Trial Atty., Dept. of Justice, Washington, D. C., for plaintiff.

James L. O'Connor, New York City, for defendant.

BYERS, District Judge.

The plaintiff seeks summary judgment under Rule 56, 28 U.S.C.A. because of asserted lack of genuine issue as to any material fact.

The complaint, filed March 27, 1957, seeks judgment under the False Claims statute, 31 U.S.C.A. § 231 et seq., because of an alleged illegal charge for idle time of cranes operated and controlled by defendant, in connection with a certain contract known as purchase order N.Y. 184, during the last four months of the year 1951.

That order had to do with a contract between the Government and a group known as Atlas Constructors, concerning operations conducted at Claremont, N. J. during the calendar year 1951. The details thereof are of no importance on this motion.

The defendant, Dade Bros. Inc., was a subcontractor which was paid on a cost plus basis. It rendered invoices to Atlas, which when approved by it, were paid through the Engineering Department of the U. S. A.

A supplemental agreement was entered into between the contractor and subcontractor on October 20, 1954, entitled Change No. 22, which is before the court, the material provisions of which disclose that the subcontractor had charged $8,627,012.17 (presumably through December 31, 1951) of which $7,334,516.95 had been paid; that the recomputed amount which should have been paid was agreed to be $6,993,236.57; that the difference and other items, should be repaid by the subcontractor according to other provisions of the Supplemental Agreement.

That agreement would seem to constitute a reconciliation between the parties of their correct financial relations entered into pursuant to the original purchase order.

The present dispute turns upon the narrow question of whether the subcontractor had rendered invoices or bills through December 31, 1951 for the idle time of the cranes, which can therefore be deemed to have been comprehended in the adjustment so contrived.

There is no argument advanced for the defendant that the Government is not in a position to recover in this action, for its asserted overpayment to Atlas. That matter is discussed in the brief of the Government, to which no answering brief has been filed.

Therefore the sole question now to be passed upon is whether the said alleged overcharges for idle crane time constituted a thing apart from all that the Supplemental Agreement of October 20, 1954 comprehended, and now provide a sufficient basis to support the claim for relief asserted in the complaint.

It will be seen that the latter was filed about two and one-half years after the date of the Supplemental Agreement, and that the latter was concluded some two years and ten months after the close of the year in which the subcontractor's services were rendered. The lapse of time thus revealed has its place in the consideration of this motion.

In behalf of the plaintiff, there is submitted an affidavit of Bobzien (verified January 6, 1960) an executive assistant, Office of Division Engineer at Richmond, Virginia, who participated in the negotiations of the Supplemental Agreement. He deposes that according to his notes, records, and memory, " * * * no provision was made, either directly or by implication, for any item, sum of money or potential claim relating to overpayments to Dade Bros. Inc. for times when cranes were, in fact, idle. * * * No question of claims respecting rental fees for idle time of cranes in use at Claremont Terminal under Purchase Order No. N.Y. 184 was or was intended to be resolved, settled or discharged by the aforesaid Supplemental Agreement."

The obvious purpose of this affidavit is to assert that the subject matter of this cause did not enter into the adjustment reflected in the Supplemental Agreement of October 20, 1954, according to Bobzien's memory as stated some six years later.

That assertion must be weighed against the recitals in the affidavit of Moore, verified December 10, 1959. He was a Special Agent of the F.B.I. who participated "in certain aspects of an investigation conducted in 1952 pertaining to Dade Bros. Inc."

He deposes in part:

"The table attached hereto and marked exhibit 'A' is a summary of the amounts Dade Bros. charged Atlas Constructors. for times during August 27, 1951 through December 31, 1951 when, according to the aforenamed Dade Bros. records, the cranes were idle or were not in use under P.O.NY184. I found the sum total of these amounts to be $22,-704."

The affidavit continues to recite contemporaneous interviews with representatives of Dade, namely Lyons and Esposito, who explained at that time the basis for the said charges.

In Exhibit A are listed invoices rendered by Dade to Atlas from September 2, 1951 through December 31 of that year, which shows a total of overcharges as now asserted in the said sum.

The purpose of this affidavit is to show that the amount now claimed by the plaintiff was clearly disclosed in 1952, and the invoices are listed. That is sufficient to establish for present purposes that plaintiff's claim for relief is correct in amount. It also is consistent with knowledge on the part of all concerned in October of 1954 that the said sum was comprehended in the recitals above referred to, concerning the redetermination of the amount payable to Dade Brothers.

If that is the true construction to be accorded to the negotiations reflected in the Supplemental Agreement, the reliance thereon by the defendant seems to be well fortified.

There is also submitted by plaintiff an affidavit of Mr. Robert B. Jarvis (verified January 18, 1960) an attorney who represented Atlas Constructors in the negotiation of the Supplemental Agreement. He states that according to his memory as fortified by an examination of his files, there was no discussion of the charge here in suit. Also, "It was

never intended by the negotiation and execution of Change Order No. 22 that any question or claim respecting rental fees for idle time of cranes in use at Claremont Terminal under Purchase Order N.Y. 184 was resolved, settled or discharged by the execution of the aforesaid Supplemental Agreement. The only matter of rental rates that ever came to my attention was an item covering intercompany rental rates and profits for equipment rented by Dade Bros., Inc. from Dade Trucking Co. This matter was considered and resolved in the Supplemental Agreement after Dade Trucking Co. furnished certain additional information with respect thereto."

This affidavit is quite convincing as to the belief in January of 1960 of Mr. Jarvis with respect to the intentions of the parties some six years earlier in point of time. There is significance to be attached however to his failure to refer to the contents of the Moore affidavit as to the existence in 1952 of the invoices covering matters now in controversy. There is no suggestion of a reason why those invoices should have been disregarded or withheld from consideration in connection with the recomputation of the amounts payable to Dade Bros.

In opposition to the motion, the defendant submits the affidavit of Esposito, verified January 18, 1960, who was the chief accountant for the defendant during the entire year 1951; he says he was present at the negotiation of the Supplemental Agreement and that there was included in the total charge of $8,-627,012.17 referred to in the sixth Whereas thereof " * * * all of the charges listed in Exhibit A of the moving affidavit (Moore) for which plaintiff herein makes claim."

Incidentally, he says that Atlas has never paid Dade the amount that the Government now claims.

It results from the foregoing that an issue of fact is exposed as to whether the charges now the basis of plaintiff's claim for relief, were indeed embraced in the Supplemental Agreement. If they were, the defendant should prevail; if not, the propriety of the billings for idle crane time would have to be litigated.

It seems to this court that the plaintiff's burden of proof is ponderous, in light of all that these motion papers reveal.

Motion denied. Settle order on two days' notice, within ten days of this decision.